UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEANDRE EVANS,

        Plaintiff,

  v.

                                    Case No. 19-cv-1704-pp

BEN, LATISIA, and DONNIE,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE DEANDRE EVANS' MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND DISMISSING CASE**

---

      DeAndre Evans filed a complaint on November 20, 2019, listing himself as a defendant and Ben, Latisia and Donnie as plaintiffs. Dkt. 1. Evans provides no information about these individuals, where they live or why he has named them in the complaint. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. He left several sections blank, including the section regarding income and monthly expenses. Id.

      The court could give Evans an opportunity to file a completed motion to proceed without prepaying the filing fee, but there would be no point. Even if he could demonstrate to the court that he doesn't have the money to pay the filing fee, the complaint fails to state a claim for which a federal court may grant relief. Section 1915(e)(2)(B) of Title 28 of the United States Code requires the court to screen a complaint to determine whether a plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and

plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

The person who brings a lawsuit is the plaintiff—while Evans listed himself as the defendant, it seems clear that he is the person suing. He listed "Ben, Latisia, Donnie" as plaintiffs; the court assumes that these are the people he wants to sue, which makes them defendants. But Evans does not explain who these people are, or what they allegedly did to him. The complaint does not say what happened, who did it, when they did it, where they did it or how they did it. Evans alleges:

> Consuming of pills at a unauthorized time
> Prescribing wrong medication
> Vouching for a predator
> Used my identification
> Used my name for citations to hinder my license
> Accusing me for traffic stops that weren't I also for technology to figure the government.
> The people on my birth certificate want remove their name from my certificate.
> They are holding on to my name as well as that clinic to get me killed by the police, in order to file a lawsuit against the county.
> They also are trying to put me in odd places such as residence in order to rob people.

2

Dkt. No. 1 at 2-3. Evans doesn't explain what relief he wants from the court, although it appears that he made a mark in the box next to "yes" for whether he wants a jury trial. Id. at 5-6.

A federal court has jurisdiction over certain kinds of cases. This court can consider and decide cases that involve violations of federal laws or the federal Constitution, 28 U.S.C. §1331, or cases between citizens of different states, if the amount they are fighting over is more than $75,000, 28 U.S.C. §§1332. This court cannot consider and decide lawsuits that involve state law, unless the plaintiff and the defendant are from two different states, or unless the state-law claims relate to a federal claim. Evans has not identified any claim against the three people he named on the first page of the complaint, much less a claim that this court has the authority to hear.

The court **DENIES WITHOUT PREJUDICE** DeAndre Evans' motion for leave to proceed without the prepayment of the filing fee. Dkt. No. 1.

The court **ORDERS** that the complaint is **DISMISSED without prejudice** for failure to state a claim for which a federal court can grant relief.

Dated in Milwaukee, Wisconsin this 17th day of December, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**